JUDGE BUCHWALD

08 CIV 4874

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
SEALAND INVESTMENT CORP.,
EASTWIND TRANSPORT, LTD. and
ATLANTIC WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEALAND INVESTMENT CORP.,
EASTWIND TRANSPORT, LTD. and
ATLANTIC WIND LTD.,

                      Plaintiffs,

    v.

INGOSSTRAKH INSURANCE COMPANY,

                      Defendant.
------------------------------------------------------------X

08 CV _____ (___)

**ORDER FOR ISSUANCE OF A PROCESS OF MARITIME ATTACHMENT**

Upon reading the Verified Complaint requesting issuance of Process of Maritime Attachment and Garnishment, and the Affidavit of Owen F. Duffy, Esq. attached thereto, and the Court finding that the conditions for an attachment under Rule B of the Supplemental Rules for Admiralty or Maritime Claims Admiralty to the Federal Rules of Civil Procedure appear to exist, it is this day, by the United States District Court for the Southern District of New York, hereby

**ORDERED** that the Clerk shall issue a Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint; and it is further

**ORDERED** that the Process of Attachment issued by the Clerk shall be against all property, tangible or intangible, including funds, goods, chattels, credits, effects, debts owned by or owed to the Defendant, INGOSSTRAKH INSURANCE COMPANY, or monies to be paid to discharge a debt owed to the Defendant, including monies being electronically transferred by or to INGOSSTRAKH INSURANCE COMPANY which are in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s):

1. ABN Amro Bank N.V.
   55 East 52nd Street
   New York, New York 10055

2. American Express Bank Ltd.
   c/o Zeichner Ellman & Krause, LLP
   Legal Counsel for Bank of America
   575 Lexington Avenue, 10th floor
   New York, New York 10022

3. Bank of America, National Association
   c/o Zeichner Ellman & Krause, LLP
   Legal Counsel for Bank of America, N.A.
   575 Lexington Avenue, 10th floor
   New York, New York 10022

4. Bank of China
   410 Madison Avenue
   New York, New York 10017

5. Bank of New York Mellon
   120 Broadway, 19th Floor
   New York, New York

6. BNP Paribas
   787 Seventh Avenue
   New York, New York 10019-6083

7. Calyon
   1301 Avenue of the Americas
   New York, NY 10019-6022

8. Citibank, N.A.
   Legal Service Intake Unit
   1 Court Square, 7th Floor
   Long Island City, NY 11120

9. Deutsche Bank Trust Company Americas
   60 Wall Street
   New York, New York 10005

10. HSBC Bank U.S.A., National Association
    452 Fifth Avenue
    New York, New York

11. JPMorgan Chase Bank, National Association
    One Chase Manhattan Plaza
    New York, New York 10081

12. Societe Generale
    1221 Avenue of the Americas
    New York, New York 10020-1092

13. Standard Chartered Bank
    One Madison Avenue
    New York, NY 10010

14. UBS AG
    299 Park Avenue
    New York, New York, 10017

15. Wachovia Bank, National Association
    375 Park Avenue
    New York, New York

or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to the amount sued for, *i.e.*, **US$4,444,191.56**, it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted, and it is further

**ORDERED** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment, and it is further

**ORDERED** that pursuant to Fed. R. Civ. P., Supplemental Rules for Admiralty or Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action, and it is further

**ORDERED** that service on any garnishee(s) (i.e. any original garnishee or any garnishee herein) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, and it is further

**ORDERED** that supplemental process enforcing this Order may be issued by the Clerk and served without further Order of the Court.

Dated: New York, New York
       May ___, 2008

SO ORDERED:

_____
U. S. D. J.

Because this Court concludes that the defendant can not be found within the District, the Order of attachment will issue. See Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 191 n. 6 (S.D.N.Y. 2007). Cf. The Rockefeller University v. Ligand, 2008 WL 2139148 (S.D.N.Y. May 19, 2008).

(based upon authority to do business in New York and designation of a registered agent)

SO ORDERED
[signature], USDJ
5-27-08